NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0510n.06

Case No. 13-2588

FILED
Jul 11, 2014
DEBORAH S. HUNT, Clerk

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| ROBERT GARCEAU, et al., | ) | |
| | ) | |
| Plaintiffs-Appellees, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| CITY OF FLINT, et al., | ) | MICHIGAN |
| | ) | |
| Defendants-Appellants. | ) | |
| | ) | |

BEFORE: GIBBONS, SUTTON and WHITE, Circuit Judges.

SUTTON, Circuit Judge. Fourteen police officers sued the City of Flint, its chief of police, and its police captain. The police officers alleged that the defendants used race-based discriminatory promotion practices and retaliated against them when they complained, all in violation of their First and Fourteenth Amendment rights. After the defendants moved to dismiss the complaint under Civil Rule 12(b)(6), the district court allowed part of the case to go forward. The defendants seek interlocutory review of that part of the district court's decision that declines to dismiss the case in full. We affirm.

In 2011 and 2012, the Flint Police Department promoted some patrol officers to the rank of sergeant on a provisional basis. To determine whether those provisional sergeants should stay on permanently, the department administered a test. Some of the provisional sergeants did not

pass the test, but the department allowed them to stay on as provisional sergeants anyway. The provisional sergeants, as it happens, were African-Americans. The plaintiffs, all Caucasian, saw these provisional promotions as part of a pattern designed to skirt the department's internal rules (requiring seniority-based promotions) and to favor African-Americans.

The plaintiffs raised their concerns with the department, after which the defendants allegedly began "harassing" them and "retaliating" against them through "increas[ed] scrutiny" and "pretextual discipline." R.6 at 8 ¶¶ 31, 33. The plaintiffs as a result filed this lawsuit against the City, Police Chief Alvern Lock in his individual capacity, and Police Captain Darryl Patterson in his individual capacity. All of the plaintiffs allege racial discrimination in violation of the Fourteenth Amendment, and four of them separately allege retaliation in violation of the First (and Fourteenth) Amendments.

The defendants filed a motion to dismiss the lawsuit under Civil Rule 12(b)(6), which succeeded in part. The district court agreed with the defendants that some of the counts—the conspiracy count and two of the First Amendment retaliation counts—failed to state a claim. At the same time, it allowed one of the First Amendment retaliation claims against Chief Lock and Captain Patterson—based on their actions after the plaintiffs filed this lawsuit—to go forward. And it held that the claim against the City could proceed as well. This interlocutory appeal followed.

Three sets of rules frame our consideration of this appeal. The first is that we give fresh review to a district court's decision on a Civil Rule 12(b)(6) motion to dismiss. *See Jasinski v. Tyler*, 729 F.3d 531, 538 (6th Cir. 2013). The second is that a court may grant a motion to dismiss under Civil Rule 12(b)(6) only if, after drawing all reasonable inferences from the allegations in the complaint in favor of the plaintiff, the complaint still fails to allege a plausible

theory of relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009). And the third is that a government official seeking qualified immunity may defend a section 1983 lawsuit on one or both of two grounds: (1) that his conduct did not violate the plaintiffs' constitutional or statutory rights or (2) that any right violated had not been clearly established at the time of the violation. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

*The claim against Chief Lock and Captain Patterson.* On appeal, Chief Lock and Captain Patterson claim that qualified immunity shelters them from this First Amendment retaliation lawsuit, and that the district court erred in concluding otherwise. To state a claim for relief, the complaining officers had to show that they (1) engaged in activity that the First Amendment protects, (2) that the defendants took an adverse action against them, and (3) that the defendants did so in response to the protected activity. *See Mattox v. City of Forest Park*, 183 F.3d 515, 520 (6th Cir. 1999). Lock and Patterson focus on the protected activity requirement, saying that the filing of this lawsuit does not count. Generally speaking, when public employees like the plaintiffs speak on "matters of public concern" and do so separate and apart from their responsibilities as public employees, the First Amendment protects that speech. *See Garcetti v. Ceballos*, 547 U.S. 410, 421 (2006); *Connick v. Myers*, 461 U.S. 138, 145–46 (1983). The plaintiffs' complaint alleges that the Flint Police Department discriminates on the basis of race. "[A]llegedly racially discriminatory policies involve[] a matter of public concern," *Connick*, 461 U.S. at 146, a clearly and well-established principle. The First Amendment thus protects the plaintiffs' complaint.

In arguing to the contrary, Lock and Patterson invoke *Rice v. Ohio Department of Transportation*, 887 F.2d 716 (6th Cir. 1989). But that decision has been vacated. *See* 497 U.S. 1001 (1990). On top of that, the decision relied on an overly narrow understanding of matters of

public concern. That "employee complaints over internal office affairs" are cordoned off from First Amendment protection, *Connick*, 461 U.S. at 149, does not mean that matters of *both* personal and public concern lack protection, *Chappel v. Montgomery Cnty. Fire Prot. Dist. No. 1*, 131 F.3d 564, 575 (6th Cir. 1997). And it assuredly does not mean that all employment disputes lack protection. "[W]hether [the plaintiffs'] racial discrimination complaint was borne of civic-minded motives or of . . . individual employment concern[s] is irrelevant. What is relevant is that the subject of [the] complaint was racial discrimination—a matter inherently of public concern." *Perry v. McGinnis*, 209 F.3d 597, 608 (6th Cir. 2000). The district court properly concluded that, at this phase of the case, the First Amendment retaliation claim against Chief Lock and Captain Patterson should be allowed to proceed.

*The claim against the City of Flint.* The City of Flint claims that the district court erred in declining to grant the City's Civil Rule 12(b)(6) motion to dismiss the discrimination/retaliation claim against it. Here, too, no error occurred.

In their complaint, the plaintiffs allege that the City and department maintained a "policy, rule, custom and/or practice of" discriminating against Caucasians in favor of African-Americans and of retaliating against those who opposed them. R.6 at 3 ¶¶ 8–9; *see also Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). They allege that the City and the department previously maintained policies allowing unlawful affirmative action and preventing police officers from speaking to the media. They allege a two-year long discriminatory practice of filling sergeant positions. And they allege that high-level city and department officials complained about the trouble the plaintiffs' complaints about that discrimination had caused. Given these allegations, the complaint contains sufficient factual material to raise a "plausible"

inference that the defendants maintained a policy or custom that led to discrimination and

retaliation. *Iqbal*, 556 U.S. at 678. That is all they needed to do at this early phase of the case.

For these reasons, we affirm.